for same, and that his compensation was to be paid out of the profits realized from defendant's sale of the hay.

2. APPEAL AND ERROR, § 1060*—*when error cannot be predicated upon giving of an instruction.* Error cannot be predicated upon the giving of an instruction where the record fails to disclose on whose behalf it was given.

3. DAMAGES, § 200*—*when instruction properly refused.* An instruction excluding the element of profits *held* properly refused where there was no evidence tending to show profits and plaintiff made no claim therefor.

4. APPEAL AND ERROR, § 1514*—*when improper remarks of counsel are not reversible error.* Improper remarks of plaintiff's counsel in his closing argument to the jury were not reversible error where plaintiff's recovery was limited to moneys actually advanced by him, in an action on the common counts.

---

## Martin Driensky and Anna Driensky, Appellees, v. Mary Skonieczny and Tomasz Skonieczny, Appellants.

### Gen. No. 22,913.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. PETER C. WALTERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed. Opinion filed December 21, 1917.

### Statement of the Case.

Action by Martin Driensky and Anna Driensky, plaintiffs, against Mary Skonieczny and Tomasz Skonieczny, defendants, to recover damages arising out of defendants' refusal to consummate an exchange of real estate contemplated in a contract of sale entered into between them and plaintiffs. From a judgment for plaintiffs, defendants appeal.

FRANK H. JANISZESKI, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES J. MICHAL, for appellees; OSCAR H. OLSEN, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

EXCHANGE OF PROPERTY, § 9*—*when damages may not be recovered for refusal of party to comply with contract.* Where a party to a contract for the exchange of certain real estate is unable to comply with the terms of the contract on his part, he cannot recover damages arising from the other party's subsequent refusal to complete the contract because of the first party's inability to comply therewith, notwithstanding such other party may have refused to comply before learning of such inability of the first party.

---

## Anton J. Cermak, Bailiff, Appellee, v. Anna H. Schwendel, Appellant.

### Gen. No. 22,919.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed with statutory damages. Opinion filed December 21, 1917.

### Statement of the Case.

Action by Anton J. Cermak, bailiff of the Municipal Court of Chicago, for use of Samuel B. Goldberg, plaintiff, against Anna H. Schwendel, defendant, to recover on a stay of execution bond executed by defendant as surety. From a judgment for plaintiff, defendant appeals.

HENRY ROTH and CHARLES P. R. MACAULAY, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.